# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| COLEEN BARCLAY, JENNIFER CULLENWARD, JUDITH JOHNSON, and GLENDA PRIBIL,<br><br>    Plaintiffs,<br><br>vs.<br><br>MERCY HEALTH SERVICES-IOWA CORP., d/b/a MERCY MEDICAL CENTER-SIOUX CITY; MERCY HEALTH NETWORK, INC., d/b/a MERCY MEDICAL CENTER-SIOUX CITY; TRINITY HEALTH CORPORATION; and TRINITY HEALTH-MICHIGAN,<br><br>    Defendants. | No. C 07-4074-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS MERCY HEALTH NETWORK, INC., TRINITY HEALTH CORPORATION, AND TRINITY HEALTH-MICHIGAN** |

_____

The present motion for partial summary judgment asks the court to determine that three of the four defendants are not the plaintiffs' "employers" for purposes of the plaintiffs' sexual discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Iowa Civil Rights Act, IOWA CODE CH. 216, and one plaintiff's claim of retaliation for filing a worker's compensation claim in violation of Iowa common law. The plaintiffs do not resist the motion for summary judgment as to one of the moving defendants, which they agree had no employees at all, but they do resist the motion as to the other two defendants, on the ground that there are genuine issues of material fact as to whether those defendants sufficiently dominated the operations of their direct employer and are sufficiently linked

to the adverse employment decisions at issue to be considered their "employers" for purposes of their federal and state claims.

Plaintiffs Colleen Barclay, Jennifer Cullenward, Judith Johnson, and Glenda Pribil were all employed as nurses in the Post Anesthesia Care Unit (PACU) at Mercy Medical Center-Sioux City in Sioux City, Iowa. All of the plaintiffs allege that, during the time that they were employed at Mercy Medical Center-Sioux City, they were sexually harassed by a male charge nurse, Adam Richter. They also contend that, instead of responding to their complaints about harassment, their supervisors retaliated against them, leading to their constructive discharge or termination. Plaintiff Pribil also alleges that she was retaliated against for filing a worker's compensation claim. Thus, Barclay, Cullenward, and Johnson all allege that they were constructively discharged, in April or May of 2007, and Pribil alleges that she was wrongfully terminated in January of 2007.

The plaintiffs filed a Complaint (docket no. 1) on September 4, 2007, alleging sexual harassment and retaliation for complaining about sexual harassment in violation of federal and state law, and an Amended Complaint (docket no. 10) on March 24, 2008, adding plaintiff Pribil's claim of wrongful termination in retaliation for filing a worker's compensation claim. The Complaint and Amended Complaint named as defendants Mercy Health Services-Iowa Corp., doing business as Mercy Medical Center-Sioux City; Mercy Health Network, Inc., doing business as Mercy Medical Center-Sioux City; Trinity Health Corporation; and Trinity Health-Michigan. The defendants, all represented by the same counsel, filed joint Answers to both the Complaint and Amended Complaint denying the plaintiffs' claims. Trial in this matter is currently set to begin on September 8, 2009.

The questions now before the court, on the November 11, 2008, Motion For Partial Summary Judgment (docket no. 27) by defendants Mercy Health Network, Inc., Trinity Health Corporation, and Trinity Health-Michigan, have nothing to do with whether or not

2

the plaintiffs were subjected to sexual harassment or retaliation, however; they have to do with whether the moving defendants were the plaintiffs' "employers" for purposes of the plaintiffs' claims. The Motion For Partial Summary Judgment has been fully briefed, and no party requested oral arguments on the motion for partial summary judgment in the manner required by local rules. Therefore, the moving defendants' motion is deemed fully submitted on the parties' written submissions.

As this court has noted on a number of occasions, summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no *genuine* issue of *material* fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court agrees with the parties that the governing law on the question presented here was set forth by the Eighth Circuit Court of Appeals in *Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007):

> There is a "strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 (10th Cir. 1993); *see also Johnson v. Flowers Indus. Inc.,* 814 F.2d 978, 981 (4th Cir. 1987). A parent company may employ its subsidiary's employees if (a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer, *see Johnson,* 814 F.2d at 981, or (b) the parent company is linked to the alleged discriminatory action because it controls "individual

> employment decisions." *Leichihman v. Pickwick Int'l,* 814 F.2d 1263, 1268 (8th Cir. 1987); *see also Johnson,* 814 F.2d at 981.

*Brown*, 494 F.3d at 739. Unfortunately, the parties' submissions in support of and resistance to summary judgment, including their respective statements of facts and the record evidence that they have assembled to support their statements of facts, do not make clear what the precise relationships are among the defendants in this action. All that is clear is that the parties agree that non-moving defendant Mercy Health Services-Iowa Corporation, doing business as Mercy Medical Center-Sioux City, was the plaintiffs' direct employer, and that moving defendant Mercy Health Network, Inc., does not have any employees, was not the plaintiffs' employer, and, therefore, should be granted summary judgment. As to whether moving defendants Trinity Health Corporation and Trinity Health-Michigan were or were not the plaintiffs' "employers," the present record is, at best, opaque. This is so, because the record is riddled with incoherent and apparently contradictory explanations of the relationships among the defendants, and, more specifically, the role, if any, of Trinity Health Corporation and Trinity Health-Michigan, the purported parent corporations, in controlling Mercy Health Services-Iowa Corporation, the purported subsidiary, and whether there is any link between Trinity Health Corporation and Trinity Health-Michigan and the allegedly discriminatory and retaliatory actions of Mercy Health Services-Iowa Corporation because of their alleged control of individual employment decisions. *Id*.

To put it another way, Trinity Health Corporation and Trinity Health-Michigan have failed to meet their initial burden to demonstrate the basis for their motion by identifying those portions of the record that show a lack of a genuine issue. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), for this explanation of the movant's initial burden). The portions of the record to

which these defendants point provide far too convoluted a picture of the relationships among the various entities at issue for the court to consider undisputed any of their factual assertions concerning their lack of domination of the operations of Mercy Health Services-Iowa Corporation (or, for that matter, Mercy Medical Center-Sioux City) or their lack of any link to the individual employment decisions at issue. *See Brown*, 494 F.3d at 739 (standards for determining when a parent corporation is the "employer" of employees of a subsidiary). Indeed, one inference that might reasonably be drawn from the statements of fact and record evidence identified by these defendants is that they are attempting to obscure rather than elucidate the relationships among the four defendants.

Moreover, even if Trinity Health Corporation and Trinity Health-Michigan have met their initial burden on a motion for summary judgment, the court finds that the plaintiffs have met their burden to designate "specific facts showing that there is a genuine issue for trial" on the issues of control of operations and involvement in the individual employment decisions at issue. *See* FED. R. CIV. P. 56(e) (explaining the responding party's burden); *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). For example—and it is only an example—the plaintiffs have pointed to testimony of officers and employees of Mercy Health Services-Iowa Corporation responsible for employment decisions at issue here suggesting that those decision-makers believed that they were employed or controlled by Trinity Health Corporation and Trinity Health-Michigan and, indeed, that they believed that Trinity Health Corporation and Trinity Health-Michigan were the same entity. Viewing all the evidence in the light most favorable to the nonmoving parties, and giving the nonmoving parties the benefit of all reasonable inferences that can be drawn from the

5

facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), the court finds that genuine issues of material fact preclude summary judgment in favor of Trinity Health Corporation and Trinity Health-Michigan on their contention that they were not the plaintiffs' "employers." *See* FED. R. CIV. P. 56(c) (summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no *genuine* issue of *material* fact and that the moving party is entitled to a judgment as a matter of law" (emphasis added)); *see Woods*, 409 F.3d at 990 ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.").[1]

THEREFORE, on the record presented here, including the plaintiffs' concession that Mercy Health Network, Inc., was *not* their employer, the November 11, 2008, Motion For Partial Summary Judgment (docket no. 27) by defendants Mercy Health Network, Inc., Trinity Health Corporation, and Trinity Health-Michigan is **granted** as to defendant Mercy Health Network, Inc., but **denied** as to defendants Trinity Health Corporation and Trinity Health-Michigan.

**IT IS SO ORDERED.**

**DATED** this 20th day of March, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] Notwithstanding that the court will deny the moving defendants' Motion For Partial Summary Judgment, the court does question, why the plaintiffs believe that it is necessary to proceed against any defendants other than their direct employer, Mercy Health Services-Iowa Corporation, doing business as Mercy Medical Center-Sioux City.